UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

SAMMY L. CASEY,                    )
                                    )
            Plaintiff,              )
                                    )
      v.                            )    No. 1:05-CV-120(TCM)
                                    )
TOMMY GREENWELL, et al.,            )
                                    )
            Defendants.             )

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Sammy L. Casey, who at the time he submitted the application was a prisoner at the Pemiscot County Jail (PCJ), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $8.80. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly

deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1).  After payment of the initial partial filing fee, the prisoner is usually required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  See 28 U.S.C. § 1915(b)(2).  Because the applicant has been released from custody since submitting his application, the agency payment provision does not apply to this case.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint.  See 28 U.S.C. § 1915(a)(1),(2).  A review of applicant's account statement indicates an average monthly deposit of $44.00, and an average monthly account balance of $30.93.  Applicant has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $8.80, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous

if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks injunctive and monetary relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Tommy Greenwell, Sheriff for Pemiscot County, Missouri; Brad Swims, and Jeremy Darnell. Briefly, plaintiff alleges that the defendants "through their policy, custom or usage, in an act of bad faith" destroyed the audio recordings of radio transmissions made by police in connection with plaintiff's arrest on felon in possession of

3

firearm charges on February 9, 2005. Plaintiff asserts that the recordings were "exculpatory or impeaching [in] nature that would have established [his] innocence."

**Discussion**

A review of the Court's records indicates that plaintiff was charged in this Court with being a felon in possession of a firearm as a result of the events of February 9, 2005. See United States v. Casey, No. 1:05CR63(CAS) (E.D. Mo.). In connection with that criminal case, plaintiff sought to have the indictment dismissed because the audio recording of radio transmissions made by the Caruthersville Police Department during the events of February 9, 2005, had been destroyed. Id. [Doc. #33] (motion to dismiss indictment/counts filed July 13, 2005).

The Honorable David D. Noce, United States Magistrate Judge, to whom all pre-trial matters had been referred, recommended that the motion to dismiss be denied. Specifically, Magistrate Judge Noce found that "the erasure of the audio recordings of the radio transmissions of February 9, 2005, occurred as a result of the usual policy and procedure of the Sheriff's Office and not as a result of any bad faith on the part of the police." Id. [Doc. #30] (report and recommendation entered July 21, 2005). This Court adopted Magistrate Judge Noce's recommendations and denied the motion to dismiss the indictment. Id. [Doc. #38] (order adopting report and

4

recommendation entered August 23, 2005).

On September 13, 2005, after the instant action was filed, plaintiff pleaded guilty to one count of being a felon in possession of a firearm. Id. [Docs. #41 and #42] (plea agreement filed September 13, 2005). On November 11, 2005, plaintiff was sentenced to time served and placed on supervised release for 2 years. Id. [Doc. #51] (judgment entered November 11, 2005).

The instant complaint should be dismissed because, if successful, it would have to reach an opposite conclusion than that reached by this Court in plaintiff's criminal case (i.e., that the erasure of the audio transmissions was not in accordance with policy and was in bad faith). Furthermore, the claims that the erased audio recordings are exculpatory and would establish plaintiff's innocence is at odds with plaintiff's plea. Therefore, the instant action appears to be foreclosed under Heck v. Humphrey, 512 U.S. 477, 484-87 (1994).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk receive and file the complaint in this action without prepayment of the required filing fee. See 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $8.80 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and

to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this order and memorandum.

Dated this <u>19th</u> day of January, 2006.

*[signature]*
**UNITED STATES DISTRICT JUDGE**